

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-19-00813-CR & 04-19-00814-CR

Raymond Andrew **DEBA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2005CR0716 & 2005CR0956
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: January 15, 2020

DISMISSED

In each of these consolidated appeals, the trial court's certification states that the criminal case, "is a plea-bargain case, and the defendant has NO right of appeal." Each certification further states, "[T]he defendant has waived the right of appeal."

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides:

In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). The clerk's record in each appeal contains a written plea bargain, and the records show that the punishment assessed in each case by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record in each case does not include a written motion filed and ruled upon before trial, nor does it indicate the trial court gave its permission to appeal. *See id.* Appellant has not identified with this court any statute that expressly authorizes the specific appeal. *See id.* The trial court's certifications, therefore, appear to accurately reflect that these are plea-bargain cases and appellant does not have a right to appeal.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We issued an order stating these appeals would be dismissed unless amended trial court certifications were made part of the appellate records by December 27, 2019. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). No such amended trial court certifications have been filed.

Accordingly, these appeals are dismissed pursuant to Rule 25.2(d).

PER CURIAM

DO NOT PUBLISH